UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

YURI SHONTE HEARD,

        Plaintiff,

v.

THE CITY OF HAZEL PARK, *et al.*

        Defendants.

Case No. 11-15121
Honorable Julian Abele Cook, Jr.

ORDER

    The Plaintiff, Yuri Shonte Heard, filed this complaint on November 18, 2011, in which she accused the Defendants, the City of Hazel Park in Michigan et al, of violating her rights under the Fourth and Fourteenth Amendment of the United States Constitution.[1] She has also alleged a variety of tort claims against these same individual Defendants of malicious prosecution, intentional infliction of emotional distress, and false imprisonment. On December 13, 2011, two of the Defendants (Jessica Cooper and Oakland County) filed a motion to dismiss which is now pending before the Court. (ECF 11).

I.

    Heard's complaint alleges that on August 21, 2010, she purchased a 2001 Chevrolet Impala

---

[1] In addition to Heard's complaint against the City of Hazel Park, she has made similar accusations against a detective within its law enforcement department, Xavier Piper, the Oakland County government, as well as its Prosecuting Attorney, Jessica Cooper.

automobile from a business enterprise ("Cars R Us") for $8,089.60.[2] Heard signed a purchase agreement at the "Cars R Us" office, and paid $2,000 as a down payment, leaving a balance of $6,089.60 to be financed. She left with the Chevrolet Impala along with a temporary license plate as well as with an insurance coverage that had been purchased through Signature Insurance. At the time of the sale, Heard submits that she and the "Cars R Us" sales staff agreed that an additional payment of $500 would be made on or before August 28, 2010.

On September 3, 2010, Sullivan, acting on behalf of "Cars R Us," contacted the Hazel Park Police Department and reported that the Chevrolet Impala motor vehicle had been removed from its business facility without authority by Heard who was subsequently arrested and charged with committing a larceny by conversion. At the conclusion of the preliminary examination on May 17, 2011, the state court - after determining that the prosecution had failed to meet its burden of establishing probable cause - dismissed the charge against her. On June 7, 2011, the Defendant, Jessica Cooper, filed a motion in which she petitioned the state court in her capacity as the Oakland County prosecutor to reconsider its decision of May 17th. Several weeks later, her motion was denied on July 18, 2011.

II.

Federal Rule of Civil Procedure 12(b)(6) provides that a case may be dismissed for the failure to state a claim upon which relief can be granted. A complaint must set forth "a short and plain statement of the claim showing that the pleader is entitled to relief" in order to "give the defendant fair notice of what the ... claim is and the grounds upon which it rests." *Bell Atlantic*

---

[2] She asserts that Robert Shaba and Debra Lynn Sullivan, both of whom were employees of Cars R Us during the times that are relevant to this lawsuit, were involved in the sale.

*Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 1959 (2007). While the pleading standard does not necessitate a set of detailed factual allegations, it does require the aggrieved party to proffer more than a bare assertion of legal conclusions. *See Twombly,* 550 U.S. at 555. "[C]ourts are not bound to accept as true a legal conclusion couched as a factual allegation." *Id.*

In determining the merit of such a motion, the court must "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff." *DirecTV, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir.2007). However, the court "need not accept as true legal conclusions or unwarranted factual inferences." *Id*. In order to survive a motion to dismiss, the "[f]actual allegations contained in a complaint must raise a right to relief above the speculative level." *Bassett v. Nat'l Coll. Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir.2008) (internal quotation omitted).

III.

The complaint alleges state law tort claims of malicious prosecution, intentional infliction of emotional distress, and false imprisonment against Cooper who, in her position as a prosecutor, submits that she is entitled to absolute immunity from tort liability. Mich. Comp. Laws § 691.1407(5)[3]; *Ross v. Consumers Power Co.*, 420 Mich. 567, 591 (1984) ("judges, legislators, and the highest executive officials of all levels of government are absolutely immune from all tort liability whenever they are acting within their respective judicial, legislative, and executive authority.").

---

[3]That provision states: "A judge, a legislator, and the elective or highest appointive executive official of all levels of government are immune from tort liability for injuries to persons or damages to property if he or she is acting within the scope of his or her judicial, legislative, or executive authority."

Thus, it is imperative that this Court seek to determine if Cooper fits into any of those categories of government officials who are entitled to absolute immunity, and if so, whether she was acting within the scope of her authority during all of the times that are relevant to this incident. The record indicates that Cooper was the elected prosecutor of Oakland County during all of the times that are pertinent to this case. Therefore, the law in Michigan states that Cooper is entitled to absolute immunity if the evidence suggests that she was acting within the scope of her authority. *Bischoff v. Calhoun County Prosecutor*, 434 N.W. 2d 249, 251 (Mich. Ct. App. 1988) (prosecutor is immune from liability under Mich. Comp. Laws § 691.1407(5) because as chief county law enforcement officer, her challenged conduct constitutes an executive act.).

The complaint in this lawsuit contains allegations that Cooper investigated the charges relating to the purported theft of the Chevrolet motor vehicle, caused Heard's arrest, and filed a felony charge against her. Accepting the truthfulness of Heard's charges, these acts are clearly undertaken within the course and scope of Cooper's authority as a prosecutor. Therefore, Cooper is entitled to absolute immunity from the state law torts alleged within Heard's complaint.

Heard also seeks damages against Cooper for alleged violations of her Fourth and Fourteenth Amendment rights under 42 U.S.C. § 1983. Cooper rightfully points out that "in initiating a prosecution and in presenting the State's case, the prosecutor is immune from a civil suit for damages under [42 U.S.C.] § 1983." *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976). State prosecutors are absolutely immune from civil liability when acting within the scope of their prosecutorial duties. *Imbler*, 424 U.S. at 420. This immunity extends to all activities that are "intimately associated with the judicial phase of the criminal process," *Imbler*, 424 U.S. at 430. Furthermore, absolute prosecutorial immunity is not strictly limited to "the act of initiation itself

4

and to conduct occurring in the courtroom," but encompasses any activities "undertaken by a prosecutor in preparing for the initiation of judicial proceedings or for trial," including "the professional evaluation of the evidence assembled by the police and appropriate preparation for its presentation at trial." *Buckley v Fitzsimmons*, 509 U.S. 259, 272-73 (1993).

However, the Supreme Court has emphasized that "the actions of a prosecutor are not absolutely immune merely because they are performed by a prosecutor." *Buckley*, 509 U.S. at 273. The Supreme Court employs a "functional approach" to determine if a prosecutor is acting within the scope of her duties as a prosecutor and whether she is merely giving legal advice or investigating. *Buckley*, 509 U.S. at 269. In particular, if a prosecutor "functions as an administrator" or "performs the investigative functions normally performed by a detective or police officer," she is protected only by qualified, and not absolute, immunity. *Buckley*, 509 U.S. at 273 (internal quotation marks and citation omitted). In determining between those functions which are protected by absolute immunity and those which are not, "the critical inquiry is how closely related is the prosecutor's challenged activity to his *role as an advocate* intimately associated with the judicial phase of the criminal process." *Spurlock v. Thompson*, 330 F.3d 791, 798 (6th Cir.2003) (internal quotation marks and citation omitted).

Heard's complaint alleges that Cooper was involved in "investigating, arresting, pursuing charges, and taking legal criminal action against Plaintiff" (Compl. ¶¶ 40-41). With the exception of the investigation, these actions are inherently linked to the judicial phase of the criminal process and are therefore protected by absolute immunity. *See Ireland v. Tunis,* 113 F.3d 1435, 1446 (6th Cir.1997) ("A prosecutor's decision to file a criminal complaint and seek an arrest warrant . . . fall[s] squarely within the aegis of prosecutorial immunity.") Therefore, the Court will grant

5

Cooper's motion to dismiss with regard to Heard's § 1983 claims regarding issues relating to arrest, pursuit of charges, and the commencement of legal criminal action against her.

However, the Court will not grant Cooper's motion to dismiss with respect to the allegations regarding her investigation. Although Heard has not established evidence which suggests that Cooper conducted the pretrial investigation, advised the police on how to perform the investigation, or took any part in the investigative process, the Court will accept Heard's factual allegations as being true. Therefore, Heard's claims relating to Cooper's investigation are denied without prejudice.

Next, Oakland County asserts that it is not liable under 42 U.S.C.§ 1983. In her complaint, Heard complains that the Defendant, Oakland County:

> "under the color of state law, authorized, tolerated, ratified, permitted and/or acquiesced in the creation of policies, practices and customs, establishing a de fact [sic] policy of investigating, arresting and pursuing criminal charges against Heard. As a direct and proximate cause of these policies, practices and customs, Heard was deprived of her constitutionally protected rights described above." (Compl. ¶¶ 44-5).

Oakland County claims that it is entitled to a dismissal because, in its opinion, there are insufficient factual allegations to support a claim that its policy or custom caused a constitutional violation which caused an injury to Heard. Furthermore, Oakland County asserts that Heard's complaint has failed to identify any specific policy, custom, or practice of Oakland County. In response, Heard disagrees, contending that her complaint contains sufficient allegations that Oakland County has a policy, practice, or custom that violated Heard's constitutional rights.

In order be held liable under 42 U.S.C. § 1983, the municipality's policy or custom must be the moving force of the constitutional violation. *Monell v. Department of Social Services of City of New York*, 436 U.S. 658, 694 (1978). A municipality cannot be held liable for constitutional

6

damages by an employee on a *respondeat superior* theory, i.e., solely because it employs a tortfeasor. *Monell,* 436 U.S. at 691.

In *Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit*, 507 U.S. 163 (1993), the Supreme Court held that the federal courts may not apply a "heightened pleading standard" in civil rights cases alleging municipal liability under *Monell*. In *Leatherman*, the plaintiff sought to impose liability for the alleged violation of his Fourth Amendment rights arising from searches by police officers employed by the municipality. The Supreme Court held that the plaintiff was not required to allege detailed facts in support of that general allegation. *Leatherman* 507 U.S. at 165. *Leathermen* must be read in harmony with *Twombly*, to such an extent that allegations of a municipal policy or custom are sufficient to raise a "plausible" inference that the municipal employees were acting pursuant to that policy or custom. At the pleading stage, however, no more is necessary.

Heard submits that it was the existence of a policy, practice, or custom by Oakland County that led to the investigation, the arrest, and the pursuit of criminal charges against her. The factual allegations within the complaint - when accepted as being true - are sufficient to satisfy a plaintiff's comparatively light burden of alleging a plausible claim of a custom or policy. Therefore, Court finds that - for the purposes of this motion to dismiss - Heard has set forth a claim of municipal liability under 42 U.S.C. § 1983.

### IV.

Therefore, Cooper's motion to dismiss is granted in part, and denied in part for the reasons as set forth hereinabove. The Court will also reject Oakland County's motion to dismiss Heard's accusations as noted above. (ECF 11).

IT IS SO ORDERED.


Date: May 22, 2012                                             s/Julian Abele Cook, Jr.
                                                                                     JULIAN ABELE COOK, JR.
                                                                                     U.S. District Court Judge


<u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that the foregoing Order was served upon counsel of record via the Court's ECF System to their respective email addresses or First Class U.S. mail to the non-ECF participants on May 22, 2012.

                                                                                                                       <u>s/ Kay Doaks</u>
                                                                                                                       Case Manager