UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

YURI SHONTE HEARD,

        Plaintiff,

v.                                            Case No. 11-15121
                                            Honorable Julian Abele Cook, Jr.

THE CITY OF HAZEL PARK, *et al.*

        Defendants.

ORDER

On November 18, 2011, the Plaintiff, Yuri Shonte Heard, filed this complaint, in which she accused the Defendants, the City of Hazel Park in Michigan et al, of violating her fundamental rights under the Fourth and Fourteenth Amendments of the United States. Two of the Defendants (City of Hazel Park and Xavier Piper) have now filed motions for summary judgment that are currently pending before this Court. (ECF 30).

I.

On August 21, 2010, Heard and representatives of Cars R Us, an automobile sales company in Hazel Park, Michigan, reached an agreement regarding the purchase of a car. According to Heard, she agreed to buy a Chevrolet Impala for $8,089.60. Acting upon this agreement, she made a $2,000 down payment, and agreed to pay an additional $500 by August 28, 2010. Thereafter, Heard consented to pay $150 every other week on the remaining balance. On the same day, she (1) signed an application for a Michigan title, as well as a registration fee for the car, and (2) paid $215.00 for an automobile insurance policy. Shortly thereafter, Heard left Michigan with the car

on August 21, 2010 and traveled to New Orleans, where she was a student at Xavier University. On August 31, 2010, she received a telephone call from a Cars R Us representative, Debra Sullivan, who urged her to return the newly acquired vehicle immediately so that some additional paperwork could be completed, the mileage on the car could be documented, and a GPS device could be installed. In response, Heard - while in Louisiana - told Sullivan that the requested documents would be obtained and would be returned to her via fax.

At a later time during the week, Heard received a telephone call from another representative of Cars R Us, Rob Shallal who informed her that there was a need for her to demonstrate that she intended to return to Michigan. Subsequent to this conversation with Shallal, Heard drafted an unauthorized letter - purporting to be from her employer - which falsely stated that she (1) was attending a training session in Louisiana, and (2) would return to her residence and employment in Michigan on or before October 1, 2010. Significantly as it relates to this litigation, Heard neither returned the vehicle nor transmitted any of the payments due to Cars R Us.

Believing that it had now been victimized by a criminal act, Cars R Us turned its concerns over to the Oakland County (Michigan) Prosecutor's office for its assistance. An arrest warrant, which followed its investigation into the above reported circumstances, was subsequently authorized by the Oakland County Prosecutor's office on September 20, 2010.

In early January of the following year, Heard was pulled over, arrested, and taken into custody by law enforcement officers with the Jefferson Parish (Louisiana) Police Department for (1) driving a motor vehicle with an expired license plate, and (2) being the subject of an outstanding arrest warrant in Michigan. Heard subsequently posted a bond and was thereafter released. A preliminary examination took place on May 17, 2011 before the Honorable Charles G. Goedert at

the 43rd District Court in Hazel Park. At the conclusion of the preliminary examination, the court found that the prosecution had failed to satisfy its burden of establishing probable cause. On the basis of this finding, the felony charge against Heard was dismissed.

II.

The purpose of the summary judgment rule, as reflected by Federal Rule of Civil Procedure 56, "is to isolate and dispose of factually unsupportable claims or defenses . . . ." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986). The entry of a summary judgment is proper only "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A fact is 'material' for purposes of summary judgment if proof of that fact would have the effect of establishing or refuting an essential element of the cause of action or a defense advanced by the parties." *Aqua Grp., LLC v. Fed. Ins. Co.*, 620 F. Supp. 2d 816, 819 (E.D. Mich. 2009) (citing *Kendall v. Hoover Co.*, 751 F.2d 171, 174 (6th Cir. 1984)). In order for a dispute to be genuine, it must contain evidence upon which a trier of the facts could find in favor of the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Singfield v. Akron Metro. Hous. Auth.*, 389 F.3d 555, 560 (6th Cir. 2004). When assessing a request for the entry of a summary judgment, a court "must view the facts and all inferences to be drawn therefrom in the light most favorable to the non-moving party." *60 Ivy Street Corp. v. Alexander*, 822 F.2d 1432, 1435 (6th Cir. 1987). The entry of a summary judgment is appropriate if the nonmoving party fails to present evidence which is "sufficient to establish the existence of an element essential to its case, and on which it will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322.

Thus, the moving party has the initial obligation of identifying those portions of the record

which demonstrate the absence of any genuine issue of a material fact. *Celotex*, 477 U.S. at 323. Thereafter, the nonmoving party must "come forward with some probative evidence to support its claim and make it necessary to resolve the differences at trial." *Boyd v. Ford Motor Co.*, 948 F.2d 283, 285 (6th Cir. 1991); *see also Anderson*, 477 U.S. at 256. The presence or the absence of a genuinely disputed material fact must be established by (1) a specific reference to "particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials," or (2) a "showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1).

### III.

Piper submits that he is entitled to qualified immunity on Heard's claims under the Fourth and Fourteenth Amendment. Under the doctrine of qualified immunity, government officials acting in their official capacities are protected from being sued in their individual capacities for damages if their actions did not "violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). When a defendant moves for summary judgment based on qualified immunity, the plaintiff must (1) identify a clearly established right that is alleged to have been violated and (2) establish that a reasonable officer in the defendant's position would have known that the conduct at issue was undertaken in violation of that right. *Pray v. City of Sandusky*, 49 F.3d 1154, 1158 (6th Cir. 1995). Thus, the relevant inquiry is "whether it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted." *Saucier v. Katz*, 533 U.S. 194, 202 (2001).

Count one of the complaint contains allegations that the Defendants violated her Fourth Amendment right to be free from illegal searches and seizures and her Fourteenth Amendment right to liberty and fair and equal treatment. With respect to her equal protection clause claim, she has not advanced any facts which would suggest that she was treated differently than other similarly situated individuals. Furthermore, she has not provided any evidence in support of an equal protection clause claim. Therefore, the Defendants are entitled to summary judgment on this claim.

With respect to Heard's claim of being subjected to an illegal search and seizure, the claim is properly analyzed under the Fourth Amendment. If the plaintiff was a free person at the time of the incident, as Heard was, and the use of force occurred in the course of an arrest or other seizure, then the plaintiff's claim arises under the Fourth Amendment and its reasonableness standard. *Graham v. Connor*, 490 U.S. 386, 395 (1989).

Within the context of arrest, the Sixth Circuit has held that qualified immunity provides officers with broad protection. "[A]n arresting agent is entitled to qualified immunity if he or she could reasonably (even if erroneously) have believed that the arrest was lawful, in light of clearly established law and the information possessed at the time by the arresting agent." *Harris v. Bornhorst*, 513 F.3d 503, 511 (6th Cir. 2008), *cert. denied*, 554 U.S. 903 (2008). Thus, "even if a factual dispute exists about the objective reasonableness of the officer's actions, a court should grant qualified immunity [to an officer] if, viewing the facts favorably to the plaintiff, an officer reasonably could have believed that the arrest was lawful." *Kennedy v. City of Villa Hills*, 635 F.3d 210 (6th Cir. 2011). An arrest may be valid even if the suspect did not commit a crime. *Michigan v. DeFillippo*, 443 U.S.31, 39 (1979). An arrest is invalid only if the plaintiff proves that the officer could not have reasonably believed that the arrest was lawful in light of the information known to

the officer at the time of the arrest. *Green v. Throckmorton*, 681 F.3d 853, 865 (6th Cir. 2012).

Probable cause to arrest a suspect exists if the facts and circumstances within the arresting officer's knowledge were sufficient to warrant a prudent person to believe that the arrestee had committed or was committing an offense. *Arnold v. Wilder*, 657 F.3d 353, 363 (6th Cir. 2011). To prove a larceny by conversion under Mich. Comp. Laws §750.362, the prosecutor must establish that the defendant intended to permanently defraud or cheat the owner of property. *People v. Scott*, 72 Mich. App 16, 19 (Mich. Ct. App. 1976).

Here, Heard failed to make the payments to which she committed to convey to Cars R Us. Additionally, Piper had probable cause to believe that Heard had made false statements to the dealership and the investigating officer regarding her place of residence and employment. Piper conducted a reasonable preliminary investigation by contacting Heard, her mother and employer, and employees at Cars R Us. Piper was reasonable in his belief that Heard had committed a criminal offense. There is an ample supply of case law which supports the conclusion that an arrest pursuant to a facially valid warrant is normally a complete defense to a federal constitutional claim for false arrest or false imprisonment under § 1983. *Baker v. McCollan*, 443 U.S. 137, 143–44 (1979). Therefore, Piper is entitled to qualified immunity on Heard's claims under the Fourth and Fourteenth Amendments.

Heard next asserts claims of malicious prosecution and false arrest. Since the Court has determined that Piper had probable cause for his conduct, Heard's claims of malicious prosecution and false arrest must fail. *See Voyticky v. Village of Timberlake*, 412 F.3d 669 (6th Cir. 2005).

Heard's complaint also asserts a claim under 42 U.S.C. § 1983 against the City of Hazel Park for an alleged failure to train its officers. A municipality may be liable for a constitutional

violation caused by those individuals if they acted pursuant to an official policy of the municipality. *See Monnell v. New York City Dept. of Social Services*, 436 U.S. 658, 691 (1978). For municipal liability to exist, however, there must be a showing by an aggrieved individual that a constitutional violation had taken place. *City of Los Angeles v. Heller*, 475 U.S. 796, 799 (1986); *Watkins v. City of Battle Creek*, 273 F.3d 682, 687 (6th Cir.2001) ("If no constitutional violation by the individual defendants is established, the municipal defendants cannot be held liable under § 1983.")

Inasmuch as the Court has determined that the Defendants are entitled to a summary judgment on all of Heard's constitutional claims for want of a constitutional violation, the municipal liability claim must also fail.

IV.

For the reasons stated, the Defendants' motion for summary judgment is granted. (ECF 30).

IT IS SO ORDERED.

Date: May 28, 2013
s/Julian Abele Cook, Jr.
JULIAN ABELE COOK, JR.
U.S. District Judge

CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing Order was served upon counsel of record via the Court's ECF System to their respective email addresses or First Class U.S. mail to the non-ECF participants on May 28, 2013.

s/ Kay Doaks
Case Manager